TIM LeFEVOUR, Plaintiff-Appellee, v. RICHARD HOWORKA, d/b/a Howorka and Associates, Defendant-Appellant.

First District (3rd Division)   No. 1—89—1743

Opinion filed December 31, 1991.

George E. Downs, of Palatine, for appellant.

Terrence P. LeFevour, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff Tim LeFevour brought this action to recover damages incurred as a result of an alleged breach of contract by defendant Richard Howorka, d/b/a Howorka and Associates, in connection with a contract to make a structural inspection of a house purchased by plaintiff. Following a bench trial, the trial judge rendered a verdict in favor of plaintiff, and awarded damages in the amount of $5,000. On appeal, defendant contends that (1) plaintiff did not prove by a preponderance of the evidence that defendant breached his duty to plaintiff under the contract; and (2) the damages awarded in this case have no basis in proof. We affirm.

In February 1987, plaintiff signed a sales contract to purchase a 130-year-old house known by plaintiff to have been moved from a previous location sometime in the 1920's. The sales contract contained an express provision that allowed plaintiff to unilaterally rescind the contract if the house failed to receive a satisfactory report following an inspection by a structural engineer.

Defendant was hired by one of the real estate brokers to make the structural inspection of the house. Defendant performed the inspection of the house and presented his report dated February 19, 1987, to plaintiff on that date or a short time thereafter. The report stated that "[t]his old two story house is in good condition." Relying upon defendant's inspection and report, plaintiff completed the purchase of the house.

Upon moving into the house, plaintiff decided to remodel the second floor. Plaintiff hired Thomas Geraghty, a structural engineer, to do the remodeling. In his preparation for the remodeling, Mr. Geraghty looked into the attic and discovered what he described as "very serious defects" in the roof. A subsequent investigation of the attic and roof revealed that two-thirds of the rafters were either split, spliced, rotten or detached from the walls.

On November 17, 1987, plaintiff filed a complaint in the circuit court of Cook County alleging breach of contract in connection with defendant's structural inspection of plaintiff's house. Following a bench trial, the trial judge rendered a verdict in favor of plaintiff and awarded damages in the amount of $5,000. This appeal followed.

Defendant first contends that plaintiff did not prove by a preponderance of the evidence that defendant breached his duty to plaintiff under the contract. We disagree. It is undisputed that defendant inserted his head, shoulders, and top of his torso into the attic area where the defects existed, used a flashlight to inspect the attic area, but failed to discover the defects or problems then existing in the attic or roof. Furthermore, Mr. Geraghty testified that a ground inspection of the roof would have disclosed a "sway," which would indicate a problem with the rafters in the roof.

■■ We hold that the trial court's ruling that defendant breached his duty under the contract by failing to alert plaintiff that serious structural defects existed in the house at the time of the inspection was not contrary to the manifest weight of the evidence. The defects were present when defendant made his inspection. Plaintiff relied upon defendant's inspection report which stated that the house was in satisfactory structural condition. Therefore, it was not unreasonable for a trier of fact to conclude that a more careful inspection would have revealed those defects.

Additionally, it is clear that plaintiff would not have sustained damages had defendant discovered the defects and alerted plaintiff as to their existence. Plaintiff could have rescinded the sales contract with the seller if the house did not receive a satisfactory structural report or negotiated a decrease in the purchase price by the amount of the cost of the repairs. Accordingly, we will not disturb the conclusion of the trial court.

■ Defendant's second contention is that the damages in this case have no basis in proof. Defendant alleges that the damages in this case are "imaginary and speculative." We disagree. The measure of damages for breach of contract is the amount which will

compensate the injured party for the loss which either fulfillment of the contract would have prevented or which the breach of it has entailed. (*Litwin v. Timbercrest Estates, Inc.* (1976), 37 Ill. App. 3d 956, 959, 347 N.E.2d 378, 380.) Absolute certainty concerning the amount of damages is not necessary to justify recovery where the existence of damage is established. (*Shaw v. Bridges-Gallagher, Inc.* (1988), 174 Ill. App. 3d 680, 684, 528 N.E.2d 1349, 1352.) Rather, evidence need only tend to show a basis for the computation of damages with a fair degree of probability. (*Shaw*, 174 Ill. App. 3d at 684, 528 N.E.2d at 1352.) Thus, because the sale was consummated, the only possible remedy that would put plaintiff into the position he would have been in if not for defendant's breach is money damages equal to the cost of repairs.

Plaintiff presented an estimate from Mr. Geraghty, a contractor with many years experience, for $7,560 to completely and properly repair the rafters. Defendant presented evidence that all the repairs sought by plaintiff did not need to be made and that the problem rafters could be remedied for only $500 by splicing rather than replacing the rafters. The trial court awarded $5,000 as a sum that would be sufficient to effectuate the repairs, stating that "some of the defects [were] minor and some [were] serious." Our review of the record leads us to conclude that the $5,000 judgment awarded in the case at bar falls within the range of estimates given by expert witnesses and well within the reasonable bounds for damages. Therefore, we hold that the trial court's determination of the amount of damages in this case was not without basis in proof and not contrary to the manifest weight of the evidence.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CERDA, P.J., and GREIMAN, J., concur.